UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KINTE K. GREEN,**

    **Petitioner,**

                                                             Civil Action 2:11-cv-282
                                                             Criminal Action 2:10-cr-168
    **v.**                                                  Judge GREGORY L. FROST
                                                              Magistrate Judge E.A. Preston Deavers

**UNITED STATES OF AMERICA,**

    **Respondent.**

**OPINION AND ORDER**

This matter is before the Court for consideration of Petitioner's April 1, 2011 motion for federal habeas relief and for documentation. (ECF No. 50.) In his motion, Kinte K. Green, a *pro se* federal prisoner, asks the Court to send him documentation that orders him to serve his term of incarceration at a particular institution and to complete a residential drug treatment program. In addition, he asks the Court to adjust his sentence to reflect a credit for the time he has served and characterizes this request as a motion under 28 U.S.C. § 2255. For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the motion and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

**I.**

On January 20, 2011, the Court sentenced Mr. Green to a term of 30 months. In sentencing Mr. Green, the Court recommended "[t]hat the defendant be placed in FCI Beckley to serve his term of incarceration and that the defendant be permitted to participate in the intensive residential drug treatment program." (Judgment 2, ECF No. 45.) According to Mr. Green, while

awaiting sentencing and then the commencement of his sentence, he served time in federal custody, totaling 60 days, which the Bureau of Prisons ("BOP") erroneously failed to credit against his sentence. Mr. Green represents that he is currently incarcerated at a federal correctional institution in Milan, Michigan. He anticipates that the BOP will transfer him to a correctional institution in the northeast region to serve his term rather than to the Beckley institution that the Court recommended.

He filed the subject motion on April 1, 2011. (ECF No. 50.) In this Motion, Mr. Green states that he needs the Court to send him "documentation that orders [him] to complete 500 hours of a residential drug treatment program and serve [his] term of incarceration at Beckley FCI, or a prison camp." (*Id*. at 1.) He acknowledges that the Court has already recommended this course of action. Mr. Green also asks the Court to adjust his credit for time served and to order the BOP to do the same.

## II.

With regard to Mr. Green's first request, the Court is uncertain whether he seeks a new Court order or simply documentation of the Court's January 20, 2011 sentencing recommendations. To the extent Mr. Green moves the Court to order the BOP to place him in a particular facility or to put him in a treatment program, the Court must deny his request. Congress has vested the executive branch (through the BOP), not this Court, with the authority to determine the location of an inmate's imprisonment. *See* 18 U.S.C. § 3621(b). In addition, a federal prisoner enjoys no constitutional right to placement in a particular penal institution. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."); *Meachum v. Fano*, 427 U.S. 215, 224

(1976) ("The Constitution does not . . . guarantee that the convicted prisoner will be placed in any particular prison . . . ."). Likewise, this Court lacks jurisdiction to order the BOP to place an inmate in a particular treatment program. *See* 18 U.S.C. § 3621(b) ("The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."); *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995) (citations omitted) ("A sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the Bureau of Prisons."). To the extent, however, that Mr. Green simply requests a copy of the Court's Judgment, which sets forth its recommendations concerning placement and participation in a treatment program, the Court **GRANTS** his request and **DIRECTS** the Clerk's office to send a copy of the Judgment, ECF No. 45, to Mr. Green.

The Court recognizes that the remainder of Mr. Green's filing, as it relates to credit for time he has already served in federal custody, is a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "[A]warding credit for time served is the exclusive responsibility of the [BOP] under 18 U.S.C. § 3585(b)." *United States v. Brown*, No. 08-2524, 2011 WL 1167474, at *4 (6th Cir. Mar. 30, 2011) (citing *United States v. Wilson*, 503 U.S. 329, 333–34 (1992)). Petitions challenging the manner in which the BOP executes a sentence (as contrasted with petitions challenging the validity of a sentence) are properly brought under § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Consequently, courts considering a petitioner's allegations that the BOP miscalculated his or her sentence under § 3585(b) analyze these allegations through the lens of § 2241. *See, e.g.*, *Woody v. Marberry*, 178 F. App'x 468, 471 (6th Cir. 2006) (analyzing petitioner's claims that the BOP miscalculated his service credit as a petition under §

2241); *Alexander v. Northern Bureau of Prisons*, No. 08-4736, 2011 WL 63603, at *2–3 (6th Cir. Jan. 10, 2011) (finding that the district court erred in dismissing the § 2241 petition under its 28 U.S.C. § 2243 screening authority where petitioner's allegations, if true, entitled him to credit under § 3585(b)); *see also United States v. Chase*, 104 F. App'x 561, 562 (6th Cir. 2004) (noting that a prisoner seeking to challenge the BOP's calculation of his or her service credit under § 3585(b), may seek judicial review pursuant to § 2241 upon exhaustion of his or her remedies through the BOP).  Here, Mr. Green alleges that the BOP erroneously failed to credit him for time he served in federal custody prior to the commencement of his sentence.  Thus, his petition is properly characterized as one seeking relief under § 2241.

This Court, however, lacks jurisdiction to hear Mr. Green's petition for habeas relief under § 2241.  Accordingly, the Court dismisses the petition without prejudice to Mr. Green's ability to refile in the appropriate district.  "If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 habeas petition *in the district court having jurisdiction over petitioner's custodian*." *U.S. v. Jenkins*, 4 F. App'x 241, 242 (6th Cir. 2001) (emphasis added) (citations omitted).  Where a petitioner files his pleading in the wrong court, the court may dismiss the petition for lack of jurisdiction.  *See id*. at 243 (concluding that the district court properly dismissed the prisoner's § 2241 petition where he improperly filed in a district court outside of the district in which he was confined).  Here, according to Mr. Green, he is presently confined at the federal correctional institution in Milan, Michigan, which is located in the Southern Division of the United States District Court for the Eastern Division of Michigan.  Thus, that court, not this Court, has jurisdiction over Mr. Green's custodian.[1]  Consequently, the

---

[1] If Mr. Green has already been transported, the Court in the district he is currently held in custody would have jurisdiction.

Court **DISMISSES** Mr. Green's petition for habeas relief under § 2241 **WITHOUT PREJUDICE** to his ability to refile in the district where he is incarcerated.[2]

### III.

In sum, the Court **DENIES** Mr. Green's request for an order that the BOP place him in a particular facility or put him in a treatment program. To the extent Mr. Green seeks documentation of the Court's Judgment, the Court **GRANTS** his request and **DIRECTS** the Clerk's office to send a copy of the Judgment, ECF No. 45, to Mr. Green. Finally, the Court recharacterizes the remainder of Mr. Green's Motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, but **DISMISSES** his petition for lack of jurisdiction **WITHOUT PREJUDICE** to his ability to refile in the district where he is confined. The Court **DIRECTS** the Clerk to terminate the civil action in which Mr. Green initiated his request for habeas relief.

**IT IS SO ORDERED.**

          /s/ Gregory L. Frost
          GREGORY L. FROST
          UNITED STATES DISTRICT JUDGE

---

[2] Mr. Green's motion fails to indicate whether he has exhausted his remedies with regards to his claims that the BOP incorrectly did not credit him for time he served. The Court notes that Mr. Green may not seek judicial review of the BOP's execution of his sentence until he first exhausts his administrative remedies through the BOP. *See* 28 C.F.R. §§ 542.10–16; *United States v. Wilson*, 503 U.S. 329, 335 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1998).